# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EARL T. BARNETT,

      **Plaintiff,**

v.                                        CIVIL ACTION NO. 1:12cv144

U.S. ATTORNEY GENERAL,
U.S. DEPARTMENT OF JUSTICE,

      **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

Before the Court is Defendants' Motion to Dismiss [Docket Entry 17] and Plaintiff's response thereto [Docket Entry 19], as well as Plaintiff's Motion to File for Default Judgment [Docket Entry 13] and Motion to Amend Summons [Docket Entry 14]. These Motions are before the undersigned United States Magistrate Judge upon referral by United States District Judge Irene M. Keeley [Docket Entry 15]. Upon review of the pleadings, the undersigned recommends Defendants' Motion to Dismiss be granted and Plaintiff's Motion to File for Default Judgment and Motion to Amend Summons be denied due to lack of jurisdiction.

## I. Procedural History

On September 13, 2012, Plaintiff Earl T. Barnett, appearing *pro se*, filed his Complaint [Docket Entry 1], which states in full:

1. I believe that the Court has jurisdiction in this matter since Workers Compensation denied my claim for untimely filing. I have shown the Worker's Compensation Appeal Board that I did file my claim in a timely manner.

2. I believe that I am entitled to relief since the Workers Compensation stated that there were no more Appeal rights that I can request. I believe that I have shown them that my employment caused me a disability of PTSD delay or [sic] onset.

3. The plaintiff demands judgment against the defendant for back pay from 2004, to the present, plus interest and costs. I should receive compensation for compensatory, punitive and psychological damages for my PTSD.

Plaintiff served the United States Department of Justice Federal Bureau of Prisons, and the United States Department of Labor Office of Worker's Compensation Program [D.E. 9]. On November 27, 2012, Defendants filed a Motion for Enlargement of Time and Consolidated Response Date [D.E. 10]. As grounds for the motion, Defendants stated that the United States Attorney's Office for the Northern District of West Virginia had not been served and was therefore not made aware of the action until recently.[1] The Court granted the Motion.

On November 30, 2012, Plaintiff filed a Motion to File Default Judgment [D.E. 13]. As grounds for the Motion, Plaintiff asserts: "The defendants: U.S. Department of Justice/U.S. Attorney General and the U.S. Department of Labor, Office of Worker's Compensation Program did not respond to the Summons in a Civil action that was received by them within the proper time frame." As already noted, Plaintiff did not did not name the United States Department of Labor in the Complaint and did not properly serve any United States agency. The Motion to File for Default Judgment must be denied on that basis alone, and the undersigned so recommends.

On December 3, 2012, Plaintiff filed a "Motion to Amend Summons in a Civil Action" [D.E. 14], requesting he be permitted to add the U.S. Department of Labor as part of his action. For the

---

[1] Fed. R.Civ. P. 4(i)(2) provides that to serve a United States Agency, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . ." (Emphasis added). 4(i)(1) further provides that to serve the United States a party must deliver a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought– or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk - - or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office. Plaintiff has not complied with Rule 4 in this regard.

same reasons the Complaint must be dismissed, the undersigned finds the amendment would be futile and therefore recommends denying the Motion to Amend.

On December 13, 2012, Defendants filed "Defendants' Motion to Dismiss" and Memorandum in Support [Docket Entries 17 and 18, respectively]. Defendants attached exhibits to their Motion, consisting, in pertinent part, of a Declaration of Julia Tritz, Branch Chief for Technical Assistance, Division of Federal Employees Compensation Office of Workers' Compensation Programs, United States Department of Labor; Plaintiff's claim for Compensation to the U.S. Department of Labor Office of Workers' Compensation Programs ("OWCP"); a Notice of Decision by the U.S. Department of Labor Office of Workers' Compensation Programs ("OWCP"), dated July 10, 2009, denying Plaintiff's claim for untimeliness; Decision of the Hearing Representative, U.S. Department of Labor Office of Workers' Compensation Programs affirming the OWCP decision denying Plaintiff's claim, dated December 14, 2009; and a Decision and Order of the United States Department of Labor Employees' Compensation Appeals Board ("ECAB") issued November 22, 2010, affirming the decision of the OWCP denying Plaintiff's claim (Exhibit 1).

On December 27, 2012, Plaintiff filed his "Answer to the Defendant's Answer to Dismiss" [D.E. 19].

## II. Analysis

Defendants move the Court to dismiss Plaintiff's Complaint in its entirety, arguing this Court lacks subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1), 12(h)(3). It is well established that "[f]ederal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." Bowman v. White, 388 F.2d 756 (4th Cir. 1968). Consequently, "[i]f the court determines at any time that it lacks subject- matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The absence of subject-matter jurisdiction may be raised at any

time during the case. See Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999); Mansfield, Coldwater and Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884)(noting that the "first and fundamental question," even if not suggested by the parties, is that of subject-matter jurisdiction.) In ruling on a Rule 12(b)(1) motion, the court may consider exhibits outside the pleadings. See William v. U.S., 50 F.3d 299 (4th Cir. 1995)(citing Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884 (3d Cir. 1977). "Indeed, 'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Id. Further, rather than granting summary judgment pursuant to Rule 56(c), the proper procedure if there is want of subject-matter jurisdiction is dismissal under Rule 12(b)(6). Id.

Plaintiff was employed by the Federal Bureau of Prisons until he was allegedly constructively discharged in August, 1978 (Answer at p.2). He filed an Occupation Disease claim in 2004, after a psychologist connected his PTSD to the constructive discharge (Id. at p. 5). He did not file a claim with the Office of Workers' Compensation ("OWCP") for Post-Traumatic Stress Disorder ("PTSD"), delayed onset, until 2008. The OWCP denied his claim on July 10, 2009, based on untimeliness, and Plaintiff was advised of his right to a hearing, request for reconsideration, or review by the Employees' Compensation Appeals Board ("ECAB").

Plaintiff requested a hearing, which was granted. The Hearing Representative issued a Decision on December 14, 2009, affirming the OWCP denial. Plaintiff was advised of his right to reconsideration or to appeal to the ECAB.

Plaintiff appealed to the ECAB, which issued a Decision on November 22, 2010, affirming the OWCB decision denying his claim.

On August 10, 2012, the U.S. Department of Labor OWCP wrote Plaintiff in response to an

inquiry made by him, stating as follows:

> I have attached a copy of our response to you dated 2/23/12. This letter indicates that your claim has been denied and there is no further appeal that you can request.

This Complaint followed.

The Federal Employees' Compensation Act (FECA) establishes a comprehensive and exclusive workers' compensation scheme for federal employees. The Act provides:

> The United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . .

5 U.S.C. section 8102(a). Congress amended the Act in 1949 to provide that FECA is the federal employee's exclusive remedy against the federal government for on-the-job injuries, and that "the liability of the United States . . . with respect to injury or death of an employee is exclusive and instead of all other liability of the United States . . . ." Id. at section 8116(c). That section of the Act was "designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 103 S. Ct. 1033, 74 L.Ed.2d 911 (1983). "In enacting this provision, Congress adopted the principal compromise . . . commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government. " Id. at 194.

The Secretary of Labor has the authority to administer and decide all questions under FECA and may appoint employees to administer the Act, delegate to any employee of the Department of labor any of the powers conferred on him by the Act, and prescribe rules and regulations necessary for the enforcement of the Act. 5 U.S.C. sections 8145, 8149. The Secretary has delegated

responsibility for administering FECA to the Director of OWCP. 20 C.F.R. section 10.1. "Except as otherwise provided by law, the Director, OWCP and his or her designees have the exclusive authority to administer, interpret and enforce the provisions of the Act." Id. Once a claim is filed with OWCP, it considers the claim and issues a decision with findings of fact. Id. at section 10.125. After receiving a final decision, a claimant may appeal OWCP's decision to the ECAB. 5 U.S.C. section 8149. Significantly, Section 8128(b) of FECA provides that the federal courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations. "The action of the Secretary or his designee in allowing or denying a payment under this subchapter is: (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court of mandamus or otherwise." 5 U.S.C. section 8128(b).

"The language is clear and its meaning unmistakable: Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his [or her] officers in these statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction." Staacke v. U.S. Secretary of Labor, 841 F.2d 278 (9th Cir. 1988). The Supreme Court has singled out section 8128(b) as a model preclusion-of-review statute, noting that Congress uses such "unambiguous and comprehensive" language "when [it] intends to bar judicial review altogether." Lindahl v. Office of Pers. Mgt., 470 U.S. 768, 105 S.Ct.1620, 84 L.Ed.2d 674 (1985). Specifically, the Secretary may award or refuse to award compensation, 5 U.S.C. section 8124(a).

Consequently, the undersigned finds this Court has no jurisdiction over Plaintiff's claim, and recommends it be dismissed due to lack of subject-matter jurisdiction. Further, because this Court lacks jurisdiction, I recommend Plaintiff's Motion to File for Default Judgment and Motion to Amend both be denied. Further, the Motion to File for Default Judgment must be denied due to lack of

proper service, and the Motion to Amend must be denied due to futility, as there remains a lack of subject-matter jurisdiction.

### III. Recommended Decision

In accord with the reasons herein stated, the undersigned **RECOMMEND** that "Defendant's Motion to Dismiss" (Docket Entry 17) be **GRANTED**, and this case be dismissed with prejudice. I further **RECOMMEND** that Plaintiff's Motion to File for Default Judgment and Motion to Amend [Docket Entries 13 and 14, respectively] both be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to Plaintiff *pro se* and counsel of record.

Respectfully submitted this 22nd day of January, 2013.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE