**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**EARL T. BARNETT,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:12CV144
                                    (Judge Keeley)

**US ATTORNEY GENERAL,**
**US DEPARTMENT OF JUSTICE,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On September 13, 2012, the pro se plaintiff, Earl T. Barnett ("Barnett"), filed a complaint challenging the decision of the U.S. Department of Labor Office of Workers' Compensation Programs ("OWCP") to deny his claim for benefits under the Federal Employees' Compensation Act ("FECA"). The Court referred this matter to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B) and L.R. Civ. P. 72.01(d)(6). On December 13, 2012, the defendants, the U.S. Attorney General and the U.S. Dept. of Justice (collectively "the defendants"), filed a motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 17). Barnett filed a response in opposition on December 27, 2012. (Dkt. No. 19).

On January 22, 2013, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that the defendants' motion to dismiss be granted and this case be dismissed for lack of subject matter jurisdiction. (Dkt. No. 20).

**BARNETT v. U.S. ATTORNEY GENERAL, ET AL.**               **1:12CV144**

## ORDER ADOPTING REPORT AND RECOMMENDATION

The magistrate judge determined that this Court has no jurisdiction to review the final judgment of the OWCP in matters arising under FECA. See 5 U.S.C. § 8128(b) ("The action of the Secretary or his designee in allowing or denying a payment under this subchapter is . . . not subject to review by another official of the United States or by a court by mandamus or otherwise."); see also Staacke v. United States Sec'y of Labor, 841 F.2d 278, 281 (9th Cir. 1988).

The R&R also specifically warned Barnett that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. He did not file any objections.[1] Consequently, finding no clear error, the Court:

1. **ADOPTS** the Report and Recommendation (dkt. no. 20);
2. **GRANTS** the defendants' motion to dismiss (dkt. no. 17);
3. **DENIES** the plaintiff's motion for default judgment (dkt. no. 13) and motion to amend summons (dkt. no. 14) for lack of subject matter jurisdiction; and
4. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE**[2] and

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

[2] The Court notes that, contrary to recommendation in the R&R, the dismissal of this case for lack of subject matter jurisdiction must be without prejudice. See, e.g., Patterson v. State Bureau of Investigation,

**STRICKEN** from the Court's docket.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: March 21, 2013.

_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

92 F. App'x 38, 39 (4th Cir. 2004) ("If . . . the district court lack[s] subject matter jurisdiction, the case must be dismissed without prejudice." (citing Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001)); see also Fed. R. Civ. P. 41(b).